ANTHONY R. CASALE et al., Doing Business as CASALE CONSTRUCTION Co., Respondents-Appellants, v. AUGUST BOHL CONTRACTING COMPANY, INC., Appellant-Respondent. (Action No. 1.) AUGUST BOHL CONTRACTING COMPANY, INC., Appellant-Respondent, v. ANTHONY R. CASALE et al., Doing Business as CASALE CONSTRUCTION Co., Respondents-Appellants. (Action No. 2.) — GIBSON, P. J. Appeal by August Bohl Contracting Company, Inc., defendant in Action No. 1 and plaintiff in Action No. 2, from a judgment of the Supreme Court at Trial Term, entered in the consolidated actions upon a decision, which dismissed its counterclaim in Action No. 1 and awarded damages to Casale et al., doing business as Casale Construction Co., plaintiffs in Action No. 1 and defendants in Action No. 2, upon Casale's counterclaim in Action No. 2; and cross appeal by Casale from so much of said judgment as dismissed the complaint in Action No. 1. One Dougherty, the prime contractor under a contract with the United States Army Corps of Engineers for work at Stewart Air Force Base, subcontracted to Bohl the work of excavation and removal of a large hill and Bohl, in turn, contracted with Casale for such work of excavation and removal in one half of the area. The Bohl-Casale subcontract was skeletal and the last sentence provided: " Casale to work under the same contract conditions as Bohl has with Dougherty ". The Dougherty-Bohl subcontract so far as here pertinent provided as follows: " If, at any time in the judgment of the engineers of

the Owner or of the Contractor, the Subcontractor is not advancing said work sufficiently fast to conform to the time of completion on this project, which is 15 November 1955, it is agreed that the Contractor shall so inform the Subcontractor and in case, within ten (10) days thereafter, the Subcontractor shall not have furnished additional equipment, forces of men and supplies and advanced properly to the satisfaction of the Owner or Contractor, sufficient to complete said work within the specified time, then the Contractor shall have the right to take over the performance of all or any part of the subcontractor's plant and operations and/or supplement the existing plant and forces of said work remaining and charge all of the costs and contingencies from any monies due or to become due to the Subcontractor *or make such charges against the surety upon giving notice in writing of its election to do so.*" The last clause, to which emphasis has been supplied, constitutes the crux of the action, the issue being whether this clause required that the subcontractor making unsatisfactory progress be given " notice in writing " that the contractor would take over the work or whether the provision for written notice had application only when the contractor should propose to charge the costs of completion to the surety, there being in Casale's case no surety. The trial court held, erroneously in our view, that the subcontractor had to be given written notice. In this case, Bohl, on being advised by Dougherty that Casale's work was not progressing according to schedule, repeatedly informed Casale thereof and finally took over and completed the work. It is sufficient to state, without detailing the two complaints and the various counterclaims, that Casale seeks to recover from Bohl (1) the value of Casale's work under the contract up to the date that Bohl took over, less the amounts paid by Bohl to Casale and Casale's creditors on account of Casale's work, (2) the amount of Casale's lost profits and (3) the rental value of certain of Casale's equipment alleged to have been used by Bohl in completing the work. Bohl seeks to recover (1) its costs of completion of Casale's contract, stipulated on the trial to be $30,000, and (2) damages for the alleged breach by Casale, by bringing Action No. 1, of its agreement and covenant not to sue Bohl for amounts paid by Bohl to Casale's creditors, the agreement and covenant providing that such payments should be treated as offsets against any valid claims of Casale against Bohl. The trial court found that the contract required Bohl to give 10 days' written notice to Casale before taking over the job; that Bohl's failure to give such notice breached the contract and required the dismissal of Bohl's counterclaim for the cost of completing Casale's work; and that Casale should recover on its counterclaim in Action No. 2 the sum of $4,625.52, being the difference between $69,478.73, the value of its work to the time that Bohl took over, and $64,853.21, the amount paid by Bohl to Casale and Casale's creditors. The trial court, although holding that Bohl's failure to give written notice had breached the contract, found upon abundant evidence that Bohl's take over was with Casale's consent and that in consequence Casale's cause of action for lost profits should be dismissed. Neither the opinion nor the decision of the trial court discussed Casale's claim for the rental value, asserted in the amount of $4,850, of certain of its equipment allegedly used by Bohl in completing the job, except as the decision directed the dismissal of Casale's complaint in Action No. 1 in which that and other causes of action were asserted. The trial court properly dismissed Bohl's claim predicated on Casale's alleged breach of its covenant not to sue, on the ground that the items sued for in Action No. 1 were not among those embraced by the agreement and covenant. The dismissal of Bohl's cause of action to recoup its costs in completing Casale's contract was in error, grounded as it was on a mistaken construction of the separate and independent clause of the contract following the provision for

taking over, and providing that the contractor taking over might "charge all of the costs" against moneys due or to become due the subcontractor "or make such charges against the surety upon giving notice in writing of its election to do so." Clearly, the notice is with respect to charging costs, and not as to a prospective take over, with respect to which Bohl was required, not to give a 10-day "notice in writing" but merely to "inform" Casale of its unsatisfactory progress and afford it a 10-day period of grace within which to accelerate it; there is no provision, such as Casale by an unwarranted transposition of language contends for and the court found, for "ten days'" notice; the "election" is not with respect to taking over the job, as to which no alternatives are expressed in the clauses dealing with that subject; rather, the "election" contemplated is to charge the costs to the surety, the subcontractor's primary liability always existing; and, consistent with the usual rules governing suretyship, it is when the election is to hold the surety that written notice *to the surety* is required. Thus we find no basis in the contract language for the trial court's paraphrase of the clause so as to provide that "the contractor could move in and take over performance of the subcontractor's work upon giving ten days' written notice of its election to do so." There was factual error in the decision in omitting from the computation of the credits due Bohl an uncontradicted item of $5,519.70, which Casale failed to factually dispute, after being afforded time and opportunity to do so, the sum being that charged by the prime contractor Dougherty for rental of equipment to Casale, the amount of which was deducted by Dougherty from payments due Bohl. This item, of course, exceeds and extinguishes the balance of $4,625.52 found due Casale, for which he was allowed recovery on the basis of *quantum meruit*, and requires the dismissal of Casale's remaining counterclaim in Action No. 2. The omission of the trial court to pass on Casale's claim of $4,850, for the rental value of two pieces of Casale's equipment allegedly used by Bohl after it took over the work, is of no great moment in view of our conclusion that Bohl is entitled to recover its costs of completion, the rental value of the equipment, of course, falling within that category. Judgment modified, on the law and the facts, (1) with respect to the first decretal paragraph, so as to delete the provision thereof dismissing defendant's counterclaim in Action No. 1, upon the merits, without costs, and so as to provide that defendant recover on its counterclaim the sum of $30,000 and appropriate interest, with costs of the consolidated actions; and (2) with respect to the second decretal paragraph, so as to delete the provisions thereof that defendants recover $4,625.52 upon their counterclaim in Action No. 2, with interest and costs, and have execution therefor, and so as to provide that the counterclaims in Action No. 2 be dismissed, on the merits, without costs; and as so modified, affirmed, with costs to appellant August Bohl Contracting Company, Inc. Settle order. Herlihy, Reynolds and Aulisi, JJ., concur.